**Tammy Gruder Hussin (Bar No. 155290)**
**HUSSIN LAW**
**1302 N. Coast Highway 101**
**Suite 201**
**Encinitas, CA 92024**
**Tel: (877) 677-5397**
**Fax: (877) 667-1547**
**Email:** Tammy@HussinLaw.com
*Attorney for Plaintiff*

**Yitzchak Zelman, Esq.**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Pro Hac Vice Admission Pending*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **DUSTIN GOMEZ,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-against-<br><br>**CALIFORNIA BUSINESS BUREAU, INC.** and JOHN DOES 1-25,<br><br>Defendants | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND** |

**CLASS ACTION COMPLAINT**
-1-

Plaintiff, DUSTIN GOMEZ (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through her undersigned counsel, against Defendant **CALIFORNIA BUSINESS BUREAU, INC.** (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the City of Azusa, State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 1711 South Mountain Avenue, Monrovia, California 91016.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

Class A consists of (a) all individuals with addresses in the State of California (b) to whom Defendant (c) sent an collection letter attempting to collect a consumer debt owed to Foothill Presbyterian Hospital (d) in which interest, late fees, or other charges were accruing on the alleged debt (e) and which the Defendant failed to notify that interest, late fees, and/or other charges were accruing (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

Class B consists of (a) all individuals with addresses in the State of California (b) to whom Defendant (c) sent an collection letter attempting to collect a consumer debt owed to Foothill Presbyterian Hospital (d) in which the Defendant was charging a $5.00 fee for paying with a credit card or debit card (e) and which such a fee was not expressly authorized by the agreement creating the debt or permitted by law (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written

communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692f.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to May 20, 2016, an obligation was allegedly incurred to Foothill Presbyterian Hospital.

23. The Foothill Presbyterian Hospital obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The alleged Foothill Presbyterian Hospital obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Foothill Presbyterian Hospital is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Foothill Presbyterian Hospital or subsequent owner of the Foothill Presbyterian Hospital debt contracted the Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. On or about May 20, 2016, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Foothill Presbyterian Hospital. *See* **Exhibit A.**

29. Plaintiff received the Letter sometime after May 20, 2016 and read it.

30. The Letter states in part:

"TOTAL DUE: $2,029.64"

31. The Plaintiff, as would any least sophisticated consumer, understood the Letter to mean that the balance sought by the Defendant was static and that payment of the amount listed in the Letter would satisfy the debt irrespective of when the payment was remitted.

32. Upon information and belief, interest, late fees, and/or other charges were accruing on the total amount due daily, a fact which was not noted in the Letter.

33. Upon information and belief, the amount due as of the date the Plaintiff received the Letter was more than $2,029.64.

34. Upon information and belief, if the Plaintiff was to have paid $2,029.64 when he received the Letter, he would not have satisfied the alleged debt.

35. The Letter fails to notify the Plaintiff of his right to obtain an exact, up to date amount of the debt allegedly due.

36. The case of *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000), sets forth a duty for debt collector to notify consumers that the amount of the debt would be changing "in cases like this were the amount varies from day to day." *Id* at 876. The Second Circuit has recently adopted this holding as well. *See, Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

37. The FDCPA gives consumers a statutory right to receive certain information which the Plaintiff was deprived of in this case.

38. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

39. By failing to notify the Plaintiff of an accurate up to date amount owed, the Defendant created a real risk of harm.

40. The Letter further stated:

      "IF PAYING BY CREDIT OR DEBT CARD, A $5.00 FEE MAY APPLY . . ."

41. Upon information and belief, the Defendant had no legal right to charge a $5.00 fee.

42. Upon information and belief, the underlying contract creating this debt did not expressly authorize the Defendant to charge this $5.00 fee.

43. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

44. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using any false, deceptive or misleading representations in connection with the collection of a debt:

47. The Defendant violated said section by:

    a. Using false, deceptive, and/or misleading representations in stating an incorrect amount due at the time of receipt of the May 20, 2016 letter, and not clarifying that such amount was subject to increase due to accrual of interest;

    b. Falsely representing the amount of the debt in violation of 1692e(2);

    c. Falsely representing that they were entitled to charge an amount, a $5.00 fee, that they were not legally allowed to charge in violation of 1692e(5);

    d. Using a false representation or deceptive means to collect a debt in violation of 1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

49. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. §1692f(1), a debt collector is prohibited from charging any amount, unless such amount is permitted by law or expressly authorized by the agreement creating the debt.

52. The Defendant violated said section by attempting to charge a $5.00 fee not permitted by law or expressly authorized by the agreement creating the debt.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

# COUNT III
# VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code § 1788 *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Cal. Civ. Code §1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692 et seq.

56. Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Using false, deceptive, and/or misleading representations in connection with the collection of a debt.

   b) Charging an amount that they were not legally entitled to charge.

57. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

58. As a direct and proximate result of Defendant's violations of RFDCPA, Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

59. The violations of RFDCA described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this

Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Plaintiff's counsel as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

///

///

///

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 18, 2017

/s/ Tammy Gruder Hussin
Tammy Gruder Hussin
(Bar No. 155290)
HUSSIN LAW
1302 N. Coast Highway 101
Suite 201
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Email: Tammy@HussinLaw.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: Yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Pro Hac Vice Admission Pending*