# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-3829 PA (PLAx) | Date | September 26, 2017 |
|---|---|---|---|
| Title | Dustin Gomez v. California Business Bureau, Inc. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: None    Attorneys Present for Defendants: None

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff Dustine Gomez ("Plaintiff") filed this putative class action alleging claims against defendant California Business Bureau, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act. Plaintiff alleges that debt collection letters sent by Defendant violated the statutory requirements for such letters. The Complaint seeks statutory and actual damages on behalf of Plaintiff and two putative classes of individuals with addresses in California who received collection letters from Defendant attempting to collect debts on behalf of Foothill Presbyterian Hosptial. Plaintiff filed the action in this Court on May 22, 2017, and served Defendant with the Summons and Complaint on June 23, 2017.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "'Local rules are 'laws of the United States,'' and 'valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" <u>United States v. Comprehensive Drug Testing, Inc.</u>, 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting <u>Marshall v. Gates</u>, 44 F.3d 722, 724 (9th Cir. 1995)).

Any motion for class certification should have been filed no later than September 21, 2017. Plaintiff did not file a motion for class certification by that date. Nor did Plaintiff seek relief from Local Rule 23-3 prior to that date. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why the class action allegations should not be stricken for failure to timely file a motion for class certification. Plaintiff's response to this order to show cause shall be filed by October 5, 2017. Defendant's Reply, if any, shall be filed no later than October 12, 2017.

IT IS SO ORDERED.